UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RALPH WILLIAMS, JR.,

    Petitioner,

v.                                             CASE NO: 8:07-CV-458-T-30EAJ

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

# ORDER

Petitioner (hereinafter "Petitioner" or "Williams"), an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #5) and Petitioner's reply (Dkt. #9). Upon initial review, it appeared to this Court that the petition may be time barred. This Court entered an Order on December 10, 2008, explaining why the petition appeared to be time barred and giving the parties thirty days within which to show cause why the petition should not be dismissed. The Court has now also reviewed the Respondents' supplemental response (Dkt. #23) and Petitioner's objection to Order (Dkt. #22). Upon consideration of the foregoing and the record, the Court concludes that the petition is time barred and must be dismissed.

## BACKGROUND

Williams was originally sentenced on April 2, 1991, for the delivery of rock cocaine and possession of cocaine. His appeal was *per curiam* affirmed on November 6, 1992, and the mandate issued November 30, 1992. Williams v. State, 608 So.2d 818 (Fla. 2d DCA 1992) [table]. Williams did not seek rehearing or pursue certiorari review.

Since his conviction occurred before the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), that act applied to Williams as of its effective date of April 24, 1996. AEDPA provides a one year period from the effective date within which to file a habeas petition with this Court. That one year period is tolled for any period of time "during which a properly filed application for state post-conviction or other collateral review" is pending. 28 U.S.C. §2244(d)(2).

Williams' history of post-conviction proceedings is extensive and convoluted. Respondents' supplemental response sets forth the entire history, but it is sufficient to begin with April 24, 1996, the effective date of AEDPA.

Shortly before that date, the state appellate court *per curiam* affirmed the denial of Williams' Rule 3.850 motion. Williams v. State, 676 So.2d 1374 (Fla. 2d DCA 1996) [table]. Williams' motion for rehearing was denied June 27, 1996, and the mandate issued August 1, 1996. Williams then sought review with the Florida Supreme Court. The petition was dismissed as improper because the state appellate court decision had been a silent affirmance. In dismissing the petition, the Florida Supreme Court stated:

> It appearing to the court that it is without jurisdiction, the Petition for Review is hereby dismissed. Jenkins v. State, 385 So.2d 1356 (Fla. 1980).

Williams v. State, 679 So.2d 775 (Fla. 1996).

Williams filed another *pro se* Rule 3.850 motion on January 24, 1997. The post-conviction court dismissed the motion as untimely because, among other reasons, it was filed beyond the two year limitation period for 3.850 motions. Williams appealed. The state appellate court silently affirmed the dismissal on April 22, 1998. Williams v. State, 717 So.2d 1019 (Fla. 2d DCA 1998) [table]. The mandate issued May 19, 1998.

On April 9, 1998, Williams filed a *pro se* motion for production of copies of the order imposing his habitual offender sentence and documents showing his underlying qualifying convictions. The history related to this public records request, including the appeal of the trial court's order, is omitted here because a public records request and litigation concerning the same is not a collateral attack and is irrelevant to a time limitation calculation. May v. Workman, 339 F.3d 1236 (10th Cir. 2003).

On February 23, 2000, Williams filed a *pro se* motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). The motion was denied by the post-conviction court on August 17, 2000. Williams appealed. The state appellate court *per curiam* affirmed without written decision on October 18, 2000. Williams v. State, 780 So.2d 77 (Fla. 2d DCA 2000) [table]. Williams' motion for rehearing was stricken as untimely and the mandate issued January 3, 2001. At that time, Williams had pending another *pro se* motion to correct sentence which he had filed April 5, 2000, under Rule 3.800(a). The post-conviction court

denied the amended motion on October 5, 2000. Williams did not appeal that denial.

By that time, Williams had also filed a *pro se* petition for writ of mandamus in the post-conviction court dated April 27, 2000. The post-conviction court denied that motion October 6, 2000. Williams appealed. On March 28, 2001, the state appellate court affirmed the order in part and reversed in part, stating, in relevant part:

> Ralph Williams, Jr, appeals the trial court's denial of his petition for mandamus, which we treat as a denial of a motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800.
>
> Williams alleged that his habitual offender sentence is illegal because although the written sentence indicates he was sentenced as a habitual offender, the trial court did not orally sentence him as a habitual offender. This claim is cognizable in a motion to correct illegal sentence. See Simon v. State, 2001 Fla. App. LEXIS 1031, 26 Fla. L. Weekly D 409 (Fla. 2d DCA Feb. 7, 2001). The trial court erred in denying Williams' petition without addressing this claim.
>
> We reverse the trial court's order as it relates to Williams' claim that the written sentence did not conform to the oral pronouncement and remand for further proceedings. We affirm the trial court's order in all other respects.
>
> Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

Williams v. State, 793 So. 2d 25, 26 (Fla. 2d DCA 2001).

By then, Williams had filed a *pro se* motion to clarify trial court error dated August 28, 2000. Also, on April 5, 2001, he filed an amended *pro se* Rule 3.800(a) motion seeking compliance with the state appellate court's recent decision. The post-conviction court denied relief on Williams' habitual felony offender claim on July 12, 2001, and also denied the amended Rule 3.800(a) motion. Williams did not appeal.

Williams did not file another post-conviction motion until June 23, 2005, when he filed a 3.800(a) motion to correct sentence. The post-conviction court denied that motion on February 7, 2006, and the state appellate court affirmed on May 17, 2006, stating:

> Affirmed. See Lee v. State, 685 So. 2d 1319 (Fla. 2d DCA 1996); Clayton v. State, 904 So. 2d 660 (Fla. 5th DCA 2005); Middleton v. State, 721 So. 2d 792 (Fla. 3d DCA 1998).

Williams v. State, 932 So. 2d 200 (Fla. 2d DCA 2006). Rehearing was denied and the mandate issued July 10, 2006.

## **TIMELINESS**

When AEDPA took effect on April 24, 1996, Williams had a 3.850 motion pending and therefore the beginning of the one year limitation period was tolled. That tolling ended on August 1, 1996, upon the issuance of the mandate in the appeal of his Rule 3.850 motion. Nyland v. Moore, 216 F.3d 1264 (11th Cir. 2000) (under Florida law, appellate order is pending until mandate issues.) The improperly filed petition seeking review in the Florida Supreme Court had no tolling effect because it was not "properly filed." A state's requirement for litigating post-conviction proceedings controls whether a petition has been "properly filed." Allen v. Siebert, 128 S.Ct. 2, 169 L.Ed. 2d 329 (2007). The Florida Supreme Court dismissed Williams improper petition for lack of jurisdiction on August 12, 1996.

Similarly, Williams' 3.850 motion dated January 24, 1997, did not toll the one year period because it, too, was improperly filed. The state post-conviction court dismissed that motion on July 9, 1997, as untimely because it was filed after the two year time limitation

period for Rule 3.850 motions. Williams' appeal of that dismissal ended in a silent affirmance on April 22, 1998. Williams v. State, 717 So.2d 1019 (Fla. 2d DCA 1998) [table]. An untimely post-conviction motion does not toll the one year AEDPA limitation period. Gorby v. McNeil, 530 F.3d 1363, 1368 (11th Cir. 2008). In sum, more than one year elapsed after the mandate issued on August 1, 1996, during which there was no properly filed motion for collateral relief pending and, therefore, the one year AEDPA period ended on August 1, 1997.

Furthermore, there was an almost four year gap in Williams' post-conviction litigation between August 11, 2001, and June 23, 2005. Following Williams' favorable appellate court ruling concerning the pronouncement of his habitual felony offender sentence, the state post-conviction court denied relief on Williams' pending motions and the habitual felony offender claim on July 12, 2001. Williams did not appeal that denial and his appeal period ended August 11, 2001. His next post-conviction motion was a 3.800(a) motion filed June 23, 2005. Had Williams' one year AEDPA limitation period not elapsed before then, it certainly would have elapsed during that gap.

In his "Objection to Order" (Dkt. #22) , Williams argues that he had civil negligence action pending against his attorney for the mishandling of his post-conviction motions. But a civil malpractice action is not a post-conviction motion attacking one's conviction and has no tolling effect on the AEDPA limitation period. Therefore, Williams' petition which he filed in this Court on March 15, 2007, is untimely and must be dismissed.

Even if Williams' petition were not dismissed as time barred, it would still have been denied because the ground upon which it is based is solely a state law issue. Williams' petition raises only one ground:

> The trial court unlawfully habitualized the petitioner when the court failed to produce the lawfully required certified copies of petitioner's prior convictions that were needed to sentence petitioner as a habitual offender. Rather/instead the court relied on (2) two non-existing predicates without any certified copies of either predicate in violation of petitioner's due process rights under the Fourteenth Amendment under the United States Constitution.

Williams contends the state court erred by relying upon his record of state convictions as opposed to requiring certified copies of those prior convictions being admitted into evidence. Even if this were an error, errors of state law are generally insufficient to warrant review or relief by a federal court under §2254. Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed. 2d 385 (1991). This Court is not an appellate court that reviews asserted state court evidentiary errors. This is particularly true as to sentencing issues. As long as a sentence is within the statutory maximum, it is purely a state law issue as to how long, and under what conditions, a sentence is to be applied. Pringle v. Beto, 424 F.2d 515 (5th Cir. 1970); Laboy v. Carroll, 437 F.Supp. 2d 260 (Dist. Del. 2006).

Questions of state law are only reviewed to determine whether the alleged errors were so significant to the outcome of the proceedings that they rendered "the entire trial fundamentally unfair." Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983). The state law issue of which Williams complains was fully litigated in state court and the Florida

courts have spoken on that issue. The lack of certified copies of prior convictions is not a matter so significant as to render the proceedings fundamentally unfair.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is time barred and is therefore DISMISSED.

2. The Clerk is directed to terminate any pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on April 20, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2007\07-cv-458.deny 2254.wpd*